UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWIN CARROLL,

    Plaintiff,

v.                                                                                               Case No. 8:19-cv-1819-T-CPT

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.
_____/

**O R D E R**

    The Plaintiff seeks judicial review of the Commissioner's denial of his claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). For the reasons discussed below, the Commissioner's decision is affirmed.

I.

    The Plaintiff was born in 1967, completed two years of college, and has past relevant work as a janitor, driver, embalmer, and funeral director. (R. 25, 45, 74). In October 2015, the Plaintiff applied for DIB and SSI alleging disability as of August 8, 2015, due to a cataract, hypertension, hyperlipidemia, diabetes (type 2), and hypertensive heart disease. (R. 225-32, 278). The Social Security Administration denied his applications both initially and on reconsideration. (R. 100-01, 132-33).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter on April 26, 2018. (R. 38-81). The Plaintiff was represented by counsel at that hearing and testified on his own behalf. *Id*. A vocational expert (VE) also testified. *Id*.

In a decision dated September 19, 2018, the ALJ found that the Plaintiff: (1) met the insured status requirements through December 31, 2020, and had not engaged in substantial gainful activity since his alleged onset date of August 8, 2015; (2) had the severe impairments of obesity, cardiomyopathy, hypertension, peripheral neuropathy, and diabetes mellitus; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments; (4) had the residual functional capacity (RFC) to conduct a limited range of light work; and (5) based on the VE's testimony, could not engage in his past relevant work but could perform other jobs that exist in significant numbers in the national economy. (R. 15-27). In light of these findings, the ALJ concluded that the Plaintiff was not disabled. (R. 27).

The Appeals Council denied the Plaintiff's request for review. (R. 1-6). Accordingly, the ALJ's decision became the final decision of the Commissioner.

II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also*

20 C.F.R. §§ 404.1505(a), 416.905(a).[1] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To determine whether a claimant is disabled, the Social Security Regulations (Regulations) prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (citing 20 C.F.R. § 404.1520(a)(4)); *see also* 20 C.F.R. § 416.920(a)(4).[2] Under this process, an ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the RFC to engage in his past relevant work; and (5) can perform other jobs in the national economy given his RFC, age, education, and work experience. *Id.* (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). While the claimant has the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove that he cannot perform the work identified by the Commissioner. *Id.* In the

---

[1] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.
[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

end, "the overall burden of demonstrating the existence of a disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided the Commissioner has issued a final decision on the matter after a hearing. 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence. *Id.*; *Hargress v. Soc. Sec. Admin.*, *Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (citation omitted). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations and quotations omitted). In evaluating whether substantial evidence supports the Commissioner's decision, the Court may not decide the facts anew, make credibility determinations, or re-weigh the evidence. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 860 (11th Cir. 2019) (per curiam) (quoting *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). "[W]hile the court reviews the Commissioner's decision with deference to [his] factual findings, no such deference is given to [his] legal conclusions." *Keel-Desensi v. Berryhill*, 2019 WL 1417326, at *2 (M.D. Fla. Mar. 29, 2019) (citations omitted).

### III.

The Plaintiff raises two interconnected challenges on appeal regarding his visual impairments. (Doc. 23). He first argues that the ALJ did not adequately

consider his complaints of blurry vision and the medical evidence regarding same, and asserts that he will separately move to remand the case under sentence six of section 405(g) for consideration of additional treatment records reflecting the problems he has had with his eyesight. *Id*. at 8-11. Relatedly, the Plaintiff also contends that the ALJ's reliance on the VE's testimony is flawed because the ALJ did not include in either her RFC finding or her hypothetical question to the VE a limitation accounting for the Plaintiff's vision issues. *Id.* at 17-18. Upon a thorough review of the Plaintiff's claims, the Commissioner's response to same, *id*. at 11-19, and the record, the Court finds no cause for remand.

A.

As noted above, part of the ALJ's task at step four of the sequential evaluation process is to assess a claimant's RFC. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545. To do so, an ALJ must determine from all the relevant evidence of record what a claimant can do in a work setting notwithstanding any physical or mental limitations caused by the claimant's impairments and related symptoms. *Id.* at § 404.1545(a)(1). The items the ALJ must consider in conducting this analysis include any medical opinions of record, all of the claimant's medically determinable impairments (both severe and non-severe), the total limiting effects of each impairment, and the claimant's subjective symptoms. *Id.* at §§ 404.1520(e), 404.1545(a); *see Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (stating that the "ALJ must consider the applicant's entire medical condition").

5

The evaluation of a claimant's subjective symptoms is governed by the "pain standard." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam). Under this standard, the claimant must show "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from the condition or (3) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain." *Id*. (quoting *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)).

Where a claimant satisfies the pain standard, the Regulations dictate that the ALJ then assess the intensity and persistence of the claimant's symptoms to determine how they limit the claimant's capacity for work. 20 C.F.R. §§ 404.1529(c), 416.929(c); *see also* Social Security Ruling (SSR) 16-3p, 2017 WL 5180304 (Oct. 25, 2017) (applicable as of Mar. 28, 2016). The considerations relevant to this assessment include the objective medical evidence; evidence of factors that precipitate or aggravate the claimant's symptoms; medications and treatments available to alleviate those symptoms; the type, dosage, effectiveness, and side effects of such medications and treatments; how the symptoms affect the claimant's daily activities; and the claimant's past work history. *Id*. A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability. *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991) (citations omitted).

"After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (citing *Wilson v. Heckler,* 734

F.2d 513, 517 (11th Cir. 1984)). If the ALJ elects to discount the claimant's subjective testimony, she must "articulate explicit and adequate reasons" for doing so. *Dyer*, 395 F.3d at 1210 (quotation and citation omitted). An ALJ, however, "need not cite particular phrases or formulations" in performing this evaluation, so long as the reviewing court can be satisfied that she "considered [the claimant's] medical condition as a whole." *Id.* at 1210 (quoting *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)) (internal quotation marks omitted). A reviewing court will not disturb a clearly articulated credibility finding that is supported by substantial evidence in the record. *Foote*, 67 F.3d at 1562 (citation omitted).

In this case, the ALJ applied the pain standard and then decided not to credit the Plaintiff's subjective complaints, which encompassed his allegations of blurry vision. *See* (R. 20-21). In support of this determination, the ALJ noted that, although the Plaintiff's impairments (such as his eyesight issues) "could reasonably be expected to cause the alleged symptoms . . . the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms [we]re not entirely consistent with the medical evidence and other evidence in the record." *Id.* at 21. The ALJ identified several reasons throughout her decision for questioning the Plaintiff's subjective complaints, including that: (1) "the medical record reflected no actual treatment as of the alleged disability onset date, with apparently no triggering event, exacerbation of symptoms, or episode of decompensation on or around" the onset date; (2) the Plaintiff was working eight hours per week as a substitute teacher three months after his alleged onset date; and (3) no physician, psychiatrist, or psychologist documented the

Plaintiff's impairments with sufficient medical facts and clinical findings to corroborate the Plaintiff's allegations of disabling symptoms. (R. 21, 25).

Regarding the Plaintiff's alleged visual symptoms in particular, the ALJ reviewed the medical evidence and observed that, on several occasions, the Plaintiff denied problems with his eyes, including double vision, worsening vision, and vision loss. (R. 21-23). The ALJ also noted that, during an examination conducted by a state agency physician, Dr. Sunita Patel, the Plaintiff's vision was normal, and no visual limitations were found. (R. 22). The ALJ additionally commented that the Plaintiff denied having blurred vision while being seen for elevated blood glucose levels at a hospital in April 2018. (R. 23). In short, the ALJ found the Plaintiff's claim that he experienced blurry vision to be "poorly support[ed]." (R. 21).

The Plaintiff does not meaningfully challenge the ALJ's findings regarding his subjective complaints or the ALJ's discussion of the above medical evidence. Instead, he points to one treatment note on April 12, 2016, which reflects that he complained of eye dryness, blurry vision, and difficulty driving and reading (Doc. 23 at 10) (citing R. 615), as well as a medical source statement prepared by a consultative examiner, Dr. Eniola Owi, which indicates that he is "unable to read very small print," *id.* (citing R. 865).

With respect to the April 12, 2016, entry, the Plaintiff is correct that the ALJ did not specifically mention that record. An ALJ, however, is not obligated to reference every piece of evidence in her decision, so long as her decision demonstrates she considered the claimant's medical condition as a whole. *Dyer*, 395 F.3d at 1211.

Based on the ALJ's discussion of the evidence listed above, the Court is satisfied she did so here.

The Court likewise finds no error in the ALJ's evaluation of Dr. Owi's medical source statement. In her decision, the ALJ summarized Dr. Owi's opinion pertaining to the Plaintiff's vision-related limitations and afforded it "great weight" because the doctor's assessment was "generally consistent with the record as a whole, which reflected generally unremarkable examination findings." (R. 24). Although not explicitly mentioned by the ALJ, Dr. Owi's medical source statement reveals that, despite the Plaintiff's inability to "read very small print," his eyesight is sufficient to allow him to avoid hazards in the workplace; read ordinary newspaper or book print; view a computer screen; and distinguish differences in the shape and color of small objects, such as screws, nuts, or bolts. (R. 865). The Plaintiff fails to show that Dr. Owi's opinion undermines the ALJ's evaluation of the Plaintiff's subjective allegations or required the ALJ to impose a more restrictive RFC than she did.[3]

---

[3] Even assuming *arguendo* that the ALJ erred in not discussing this particular aspect of Dr. Owi's opinion, any such error was harmless because Dr. Owi's determination that the Plaintiff could not read very small print does not directly contradict the ALJ's RFC determination. *See Cooper v. Astrue*, 373 F. App'x 961, 962 (11th Cir. 2010) (per curiam) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (stating that an error is harmless when it does not prejudice a claimant)); *Caldwell v. Barnhart*, 261 F. App'x 188, 191 (11th Cir. 2008) (per curiam) (finding that the ALJ's failure to discuss weight given to a physician's opinion constituted harmless error when the opinion did not contradict the ALJ's finding and was substantially similar to that of another doctor whose opinion was given substantial weight); *Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (per curiam) (finding harmless error where the ALJ failed to explicitly state what weight he afforded to a number of physicians' medical opinions where none of those opinions directly contradicted the ALJ's findings).

In sum, the Court cannot agree with the Plaintiff's contention that the ALJ erred in applying the pain standard in assessing his subjective complaints. The ALJ adequately summarized and considered the Plaintiff's complaints regarding his eye problems but ultimately found the Plaintiff not to be entirely credible. By the Court's review, the ALJ articulated explicit and adequate reasons for discounting the Plaintiff's allegations of completely disabling symptoms. *See Dyer*, 395 F.3d at 1210. Nothing in the Plaintiff's brief, nor in the Court's independent review of the record, leads to the conclusion that the ALJ's findings are not supported by substantial evidence or otherwise in error. *See Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011) (per curiam) ("The question is not . . . whether [the] ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it."); *Davis v. Astrue*, 346 F. App'x 439, 441 (11th Cir. 2009) (per curiam) (finding the ALJ's credibility findings were supported by substantial evidence in the record). To the contrary, the Court is satisfied that the ALJ made a sufficiently clear determination regarding the Plaintiff's vision-related allegations that is amply bolstered by the record evidence. Thus, the Court finds no cause for remand on this claim.

B.

The Plaintiff's suggestion that he is entitled to a sentence six remand is also unfounded. To begin, although he represents in his memorandum submitted more than two months ago that he intends to seek such relief, Plaintiff has not filed a motion

requesting a sentence six remand. Therefore, it appears that this request has been waived.

Even were that not the case, a sentence six remand is not supported by the record before the Court. When reviewing final agency decisions on Social Security benefits, the sixth sentence of 42 U.S.C. § 405(g) "provides the sole means for a district court to remand to the Commissioner to consider new evidence presented for the first time to the district court." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1267 (11th Cir. 2007). That provision states:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

42 U.S.C. § 405(g).

As this language establishes, to demonstrate grounds for a sentence six remand, a plaintiff must show that "(1) there is new, noncumulative evidence, (2) the new evidence is 'material,' that is, [chronologically] relevant and probative so that there is a reasonable possibility that it would change the administrative result, and (3) there is good cause for the failure to submit the evidence at the administrative level." *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 821 (11th Cir. 2015) (quotation omitted); *see also Stone v. Soc. Sec. Admin.*, 658 F. App'x 551, 553 (11th Cir. 2016) (per curiam) (explaining that evidence is "chronologically relevant" if "it relates to the period on or before the date of the [ALJ's] hearing decision") (quoting 20 C.F.R. §§ 404.970(b), 416.1470(b)).

The Plaintiff fails to meet his burden of demonstrating a basis for a sentence six remand here. Although he states that he wishes to have the ALJ consider "new" evidence, he does not identify with any specificity the nature and time frame of that purportedly new evidence. *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987) (defining "new" evidence as that which was not previously available to the ALJ).

The Plaintiff also does not show that any of the records at issue are material. In particular, the Plaintiff fails to explain how these records relate back to his insured period or why the records would change the ALJ's determination of no disability. And, he presents no foundation to support a good cause finding. As a result, a remand for consideration of additional evidence pursuant to sentence six is unwarranted.

C.

For reasons similar to those set forth above, the Court is likewise unpersuaded by the Plaintiff's remaining argument that the ALJ's reliance on the VE's testimony is flawed because the ALJ did not include in either her RFC finding or her hypothetical question to the VE a limitation accounting for the Plaintiff's vision problems.

As noted, the RFC analysis requires the ALJ to make a determination based on the claimant's medical condition "taken as a whole," *Jamison*, 814 F.2d at 588, after reviewing the medical opinions, the claimant's allegations of subjective symptoms, and all of the other relevant evidence of record, 20 C.F.R. §§ 404.1520(e), 404.1545(a). As long as the ALJ considers this evidence, the final responsibility for deciding a claimant's RFC and his ability to work rests with the ALJ. 20 C.F.R. § 404.1527(d)(2).

A fair reading of the ALJ's decision in this case indicates that she evaluated both the record and the entirety of the Plaintiff's condition, and then assessed an RFC for the Plaintiff that included significant limitations. The Plaintiff fails to demonstrate that the ALJ's RFC assessment does not fairly cover his limitations or that his limitations are greater than those determined by the ALJ. As such, the Plaintiff has not shown that the ALJ's RFC finding is in error.

As for the Plaintiff's related contention regarding the ALJ's hypothetical posed to the VE, case law dictates that such a hypothetical be accurate, bolstered by the record, and include all restrictions of the particular claimant. *See Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (per curiam) (citing *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999)). Where the hypothetical question asked of a VE does not comprehensively describe all of the claimant's impairments and limitations, an ALJ's decision that is based significantly on the VE's testimony will be deemed unsupported by substantial evidence. *Pendley v. Heckler*, 767 F.2d 1561, 1562-63 (11th Cir. 1985) (per curiam) (quoting *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980)). Of relevance here, however, an ALJ need not include findings in her hypothetical question that she has properly discounted or rejected as unsupported. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (per curiam). Because the ALJ did not err in rejecting visual limitations for the Plaintiff in making her RFC finding, she was not required to include such restrictions in her questioning of the VE.

IV.

For the foregoing reasons, it is hereby ORDERED:

1. The Commissioner's decision is affirmed.

2. The Clerk is directed to enter Judgment in the Defendant's favor and to close the case.

DONE and ORDERED in Tampa, Florida, this 10th day of September 2020.

*Christopher P. Tuite*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record